IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:17-cv-02693-NYW

ALARIC GREENE, an individual,

      Plaintiff,

v.

HOVEROUND CORPORATION,

      Defendant.

---

## DEFENDANT HOVEROUND CORPORATION'S REPLY TO MOTION TO DISMISS

---

COMES NOW Defendant, Hoveround Corporation ("Hoveround"), by and through its attorney, Heather A. Thomas of the LAW OFFICE OF SKRABO & ATKINS, respectfully submits this Reply to its Motion to Dismiss Plaintiff's First, Second and Third Claims for Relief in the Complaint (ECF No. 4) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

In his response, Plaintiff states that he was "injured when using a motorized power chair manufactured by the Defendant." (ECF No. 17). Additionally, in his response, Plaintiff agreed that a two-year statute of limitations governs all three of his claims for relief but, disputes when the claims began to accrue. *Id*. Plaintiff argues that he filed his Complaint "within two years of the date he learned of the faulty circuitry," which apparently occurred on August 20, 2015 when the power chair was allegedly examined by Hoveround's agent. Plaintiff cites to C.R.S. § 13-80-108 to argue that his claims did not accrue until he knew "both the injury and its cause."

Upon review of Plaintiff's Complaint, it is clear that he knew both of his injuries and the cause thereof on the date the alleged incident occurred, June 29, 2015. In his Complaint, Plaintiff alleges:

> On or about June 29, 2015, Mr. Greene was traveling from his residence at the Harmony House to a Dollar Tree Store. … However, while traveling on the path on this day, the Powerchair suddenly lost power, causing Mr. Greene to lose control and fall out of the chair sideways and the chair to fall on top of him.

(ECF No. 4, ¶¶ 11 and 13).

Later in his Complaint, Plaintiff further alleges

> As a direct and proximate result of the defective design, manufacture, and construction of the products, while Plaintiff was operating the powerchair in a usual and expected manner, the sudden loss of power to the motor caused him to lose control and suffer personal injuries, including a fractured femur. These injuries caused losses including past and future medical expenses, pain and suffering, loss of enjoyment of life, disfigurement, and emotional distress.

*Id.* at ¶¶ 26 and 29.

Pursuant to the allegations in Plaintiff's complaint, the sudden loss of power to the motor of the power chair caused him to lose control and suffer personal injuries and damages. *Id.* According to Plaintiff, the sudden loss of power to the motor of the power chair and resultant loss of control occurred on June 29, 2015. *Id.* at ¶¶ 11, 13 and 29.

## FACTS

Mr. Greene's Complaint alleges three causes of action arising out of an incident that occurred on June 29, 2015 involving with his power chair, Hoveround Model MPV5 power chair: (i) strict products liability; (ii) negligence; and (iii) breach of implied warranty. However, Plaintiff waited until August 18, 2017 to file his Complaint, which is approximately five weeks beyond the applicable statutes of limitation. *See* C.R.S. § 13-80-102 and C.R.S. § 13-80-106.

## ARGUMENT

1. **Strict products liability and breach of implied warranty claims**

A.    <u>Burden of proof</u>:  To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to state a claim that is plausible on its face. *See Falco v. YRC Inc.*, 2010 WL 749838, *2 (D. Colo. 2010).

B.    <u>Elements</u>: Although typically asserted as an affirmative defense, a contention that a plaintiff's claim is barred by the applicable statute of limitations may be resolved on a Fed. R. Civ. R. 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id*.; *quoting Aldrich v. McCulloch Properties*, 627 F.2d 1036, 1041 (10th Cir. 1980).

C.    <u>Elements not supported by Complaint</u>: Pursuant to C.R.S. § 13-80-106, all actions brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for personal injury or property damage caused by or resulting from the manufacture, construction, design, assembly, testing, packaging, labeling or sale of any product or the failure to warn or protect against a danger or hazard in the use, misuse or unintended use of any product or, the failure to provide proper instructions for the use of any product "shall be brought within two years after the claim for relief arises and not thereafter."

The plain language of the statute of limitations applicable against a product manufacturer requires the claim to be brought within two years after the claim for relief arises. The Tenth Circuit Court of Appeals previously concluded "that Colorado's limitation of product liability actions to two years after the occurrence of the injury includes the anniversary of the date of the injury." *Simon v. Wisconsin Marine, Inc.*, 947 F.2d 446, 447 (10th Cir. 1991). Here, Plaintiff's

Complaint is replete with allegations that he sustained personal injuries that include a broken femur on June 29, 2015 after a sudden power loss occurred relative to the power chair he was operating. Accordingly Plaintiff's claims of strict products liability and breach of implied warranty arose on June 29, 2015.

      2.    **Negligence claim**

      A.    <u>Burden of proof</u>:  To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to state a claim that is plausible on its face. *See Falco v. YRC Inc.*, 2010 WL 749838, *2 (D. Colo. 2010).

      B.    <u>Elements</u>: Although typically asserted as an affirmative defense, a contention that a plaintiff's claim is barred by the applicable statute of limitations may be resolved on a Fed. R. Civ. R. 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id*.; *quoting Aldrich v. McCulloch Properties*, 627 F.2d 1036, 1041 (10th Cir. 1980).

      C.    <u>Elements not supported by Complaint</u>: Pursuant to C.R.S. § 13-80-102, all tort actions, including negligence, "must be commenced within two years after the cause of action accrues, and not thereafter." Under Colorado law, a claim accrues when the claimant has knowledge of facts that would put a reasonable person on notice that he had suffered an injury that was caused by the wrongful conduct of another. *See Colburn v. Kopit*, 59 P.3d 295, 296 (Colo. App. 2002). Plaintiff's Complaint contains clear and unequivocal allegations that he sustained personal injuries that include a broken femur on June 29, 2015 after a sudden loss of power to his power chair occurred, causing him to lose control and fall out of the power chair before it fell on top of him. As a result, Plaintiff's negligence claim accrued on the date of the alleged incident, June 29, 2015.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss should be granted and all three claims of the Plaintiff should be dismissed.

Respectfully submitted this 17th day of January, 2018,

LAW OFFICES OF SKRABO & ATKINS

_____
*/s/Heather A. Thomas*
Heather A. Thomas No.: #33203
5670 Greenwood Plaza Boulevard, Suite 400
Greenwood Village, CO 80111
Phone Number: (303) 656-3131
Attorneys for Defendant

## **CERTIFICATE OF ELECTRONIC SERVICE**

I certify that on this 17th day of January, 2018, a true and correct copy of the foregoing **DEFENDANT HOVEROUND CORPORATION'S REPLY TO MOTION TO DISMISS** was electronically served via ECF:

Logan R. Martin Esq.
Zachary S. Westerfield Esq.
Westerfield & Martn, LLC
600 17th St.
Suite 2800, South Tower
Denver, CO 80202

_____
*/s/ Kayla Murphy*
Kayla Murphy, Legal Secretary