**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-CV-02693-~~NYW~~-MSK<ins>-NYW</ins>

ALARIC GREENE, an Individual

    Plaintiff

v.

HOVERROUND CORPORATION, a Delaware Corporation

    Defendant~~(s)~~.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

Lead Counsel for Plaintiff:
Zachary S. Westerfield
Logan R. Martin
Westerfield & Martin, LLC
600 17th St. Ste. 2800 S. Tower
Denver, CO 80202
303.915.5002
zach@westerfieldlaw.com
logan@westerfieldlaw.com

Lead Counsel for Defendant:

Heather A. Thomas
Law Offices of Skrabo & Akins
5670 Greenwood Plaza Blvd
Englewood, CO 80111
HeatherA.Thomas@LibertyMutual.Com
303.861.3977

The parties discussed the issues set forth in Fed. R. Civ. P. 26(f) on February 8, 2018.

## 2. STATEMENT OF JURISDICTION

Plaintiff brought this action in state court in Colorado on August 18, 2017. Defendant removed the case to federal court pursuant to 28 U.S.C. § 1332 on November 10, 2018. Plaintiff does not contest jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s):

Plaintiff brings claims for strict products liability, negligence, and breach of implied warranty related to the malfunction of a motorized scooter which caused him personal injuries – chiefly a broken femur. Plaintiff seeks damages for medical bills, disfigurement, and pain and suffering.

b. Defendant:

Hoveround admits that it designed, manufactured, engineered and sold the subject powerchair. Hoveround denies the subject powerchair or motorized scooter and its components were defective in their design, manufacture, and construction. Hoveround further denies that the subject powerchair or motorized scooter presented a serious risk of injury to anyone, including Plaintiff. Hoveround denies the subject powerchair or motorized scooter was defective, including the power supply, lead cables, brakes and/or anti-tip wheels. Hoveround denies the subject powerchair or motorized scooter lacked adequate warnings, including warnings related to a sudden power loss.

Hoveround denies the subject powerchair or motorized scooter and its components were negligently designed, manufactured, and constructed and/or that it breached any duty of care owed to Plaintiff. Hoveround further denies it breached any implied warranties of fitness for intended use and merchantability. Hoveround has not yet filed a responsive pleading to Plaintiff's Complaint as it believes all of Plaintiff's claims are barred by the applicable statute of limitations and filed a Motion to Dismiss, which has been fully briefed and remains pending.

Hoveround asserts that Plaintiff's damages were not proximately caused by the actions or inactions of Hoveround. Hoveround further asserts that Plaintiff's claims may be barred or reduced by Plaintiff's own comparative negligence, his misuse of the subject powerchair and/or his assumption of the risk for failing to properly maintain the powerchair. Hoveround incorporates all other affirmative defenses that may be asserted in its responsive pleading to Plaintiff's Complaint in the event Hoveround's motion to dismiss is denied.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is an individual residing in Denver, Colorado.

2. Defendant is a Delaware Corporation.
3. Defendant manufactured, sold, and placed into the stream of commerce a Hoverround Model MPV5 Powerchair which Plaintiff purchased in 2010.

### 5. COMPUTATION OF DAMAGES

Plaintiff seeks damages for past medical bills related to the fall and broken femur. The Plaintiff treated the injury non-surgically, is no longer treating, and does not anticipate requesting an award of future medical expenses. Plaintiff also seeks damages for disfigurement related to the scarring and bruising of his injured leg, and non-economic damages for past, present, and future pain and suffering in an amount to be determined by the trier of fact. Plaintiff is still tabulating currently known total medical expenses.

<u>Plaintiff claims that the past medical expenses of $13,000. The Plaintiff will supplement his Computation of Damages no later than March 16, 2018.</u>

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. February 8, 2018

b. Names of each participant and party he/she represented.

Zach Westerfield and Logan Martin, representing the Plaintiff
Heather A. Thomas, representing the Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff expects to serve Rule 26(a)(1) disclosures by February 9, 2018.

Defendant served Rule 26(a)(1) disclosures on January 31, 2018.

<u>The Parties will supplement their Rule 26(a)(1) disclosures no later than March 9, 2018.</u>

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). None.

e. Statement concerning any agreements to conduct informal discovery: It is not expected that informal discovery will be needed or utilized in this action.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties are amenable to using a unified exhibit numbering system.

g.	Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate the need to discover substantial electronically stored information.

h.	Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties agree to the following limitations on discovery:

Depositions: Parties, Experts, plus one additional deposition if necessary
Interrogatories: 30, including discrete subparts
Requests for Production: 25
Requests for Admission: 20
Requests for Admission (authenticity of documents): 30

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

   Please see above. ~~Twenty depositions are unnecessary in this action.~~

b.  Limitations which any party proposes on the length of depositions: ~~None.~~ Each deposition may last up to one day of seven (7) hours.

c.	Limitations which any party proposes on the number of requests for production and/or requests for admission

   Please see above.

d.  Other Planning or Discovery Orders The Parties will submit a proposed Stipulated Protective Order for court's consideration no later than March 2, 2018.

## 9. CASE PLAN AND SCHEDULE

10

a. Deadline for Joinder of Parties and Amendment of Pleadings:

March 28, 2018

b. Discovery Cut-off: August 17, 2018

c. Dispositive Motion Deadline: September 17, 2018

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

 The Parties anticipate a product expert and an expert on accident reconstruction, as well as medical expert.

2. Limitations which the parties propose on the use or number of expert witnesses.

 The Parties will be limited to three (3) specially retained experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 15, 2018. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 16, 2018. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed:

The Parties anticipate taking the depositions of opposing party, any experts, and Plaintiff may wish to take the deposition of Keith Conklin.

f. Deadline for Interrogatories: ~~July 18, 2018.~~Forty-five (45) days prior to the

11

discovery deadline.

g.     Deadline for Requests for Production of Documents and/or Admissions: ~~July 18, 2018~~.Forty-five (45) days prior to the discovery deadline.

## 10. DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

_____.

b.     A final pretrial conference ~~will be held in this case on _____ at o'clock ____ m. and A~~ a Final Pretrial Order shall be prepared by the parties and submitted to the court pursuant to the Trial Preparation Order (Civil) and/or Civil Practice Standards of the Honorable Marcia S. Krieger.  ~~no later than seven (7) days before the final pretrial conference~~.

## 11. OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

c.     Anticipated length of trial and whether trial is to the court or jury:

Plaintiff requests a 5-day trial setting.  Plaintiff has demanded a trial by jury.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this <u>16th</u> day of <u>February</u>, 20<u>18</u>.

BY THE COURT:

s/ Nina Y. Wang
_____
United States Magistrate Judge

APPROVED:

_____   _____
Logan R. Martin                                          Heather A. Thomas

600 17th St. Ste. 2800 S. Tower              5670 Greenwood Plaza Blvd
Denver, CO 80202                                   Englewood, CO 80111
303.915.5002                                           303.861.3977


Attorney for Plaintiff (or Plaintiff, Pro Se)    Attorney for Defendant (or Defendant, Pro Se)