# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02693-~~NYW~~-MSK-<u>NYW</u>

ALARIC GREENE,

    Plaintiff,

v.

HOVEROUND CORPORATION, a Florida Corporation,

    Defendant(s).

---

## STIPULATED PROTECTIVE ORDER

---

    IT IS HEREBY STIPULATED AND AGREED, by and between the respective parties hereto and their counsel of record, that Plaintiff, Alaric Greene and Defendant Hoveround Corporation will produce certain documents bates labeled Confidential, which are confidential, proprietary, and trade secret during the course of this civil action. Since the materials bates labeled Confidential are privileged, confidential, and/or proprietary in nature, competitively sensitive, and/or contain trade secrets, the production of the documents by either party and use of those documents by the adverse party and/or counsel will be conducted pursuant to the following terms, restrictions and conditions:

    1.    All such documents shall be bates labeled "confidential" by the producing party. It is agreed that the documents so designated are subject to this Stipulated Protective Order (hereinafter referred to as "Documents"). Either party may object to the designation of Documents as "confidential" by giving written notice within 30 days of receiving the documents. If the parties cannot resolve the objection within 30 days after the time the notice is received,

either party may bring the matter to the Court's attention pursuant to the standing discovery dispute protocol.

2. Information obtained by the parties from the Documents and the Documents themselves shall be used only for the purpose of prosecuting or defending this action and only this action.

3. The parties agree that the Documents and the information obtained from the Documents shall not be released to any other person or entity for any purpose, with the exception of an individual identified by counsel as employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by either side for the purpose of testifying or giving opinions in this litigation, but only to the extent necessary for such person to perform his or her assigned tasks in connection with this litigation.

4. Counsel shall first obtain a written agreement from each individual, identified under paragraph 3 of this Stipulated Protective Order, who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

5. In the event of a deposition of a non-party or a party, or one of his/her/its present or former officers, directors, employees, agents, or an independent expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation. Any original depositions filed with

the Court or used at trial shall be sealed by the Clerk of the Court unless otherwise ordered by the Court.

7. Counsel for each party will return to opposing counsel, within 30 days of the conclusion of this case, each and all of the original documents plus any and all copies or reproductions of any kind made from the Documents or counsel for each party will certify that each and all of the original documents plus any and all copies or reproductions of the Documents have been destroyed.

9. The parties are subject to Local Rule 7.2 as it pertains to the filing of confidential documents under restricted status with the Court. The party filing any document marked as confidential shall designate it as Level 1 restricted.

10. The production of such Documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

11. This Protective Order survives this case for the purpose of enforcement.

Approved as to form:

By: */s/*Heather A. Thomas  
Heather A. Thomas  
Law Offices of Skrabo & Akins  
5670 Greenwood Plaza Blvd  
Englewood, CO 80111  

By: /s/ Logan R. Martin  
Logan R. Martin  
Westerfield & Martin, LLC  
600 17th St., Ste 2800, South Tower  
Denver CO 80202  

DATED this 6th day of March, 2018.

BY THE COURT:

_____  
Nina Y. Wang  
United States Magistrate Judge

# EXHIBIT A

**Alaric Greene v. Hoverround Corporation**

Case Number: 17-CV-02693-NYW-MSK

**COMMITMENT OF QUALIFIED PERSON PURSUANT
TO CONFIDENTIALITY AGREEMENT**

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1. I have received or reviewed confidential documents in connection with this case.

2. I have received and read a copy of the Stipulated Protective Order entered in the action entitled Greene v. Hoverround Corporation, 17-CV-02693-NYW-MSK.

3. I understand the terms thereof and agree to be bound thereby.

4. I will return or destroy all Documents (as that term is defined in the Stipulated Protection Order) that come into my possession and all Documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5. I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order.

DATED this ____ day of _____, 2018.

By: _____

CERTIFICATE OF SERVICE

I certify that, on February 27, 2018, a true and complete copy of the foregoing STIPULATED PROTECTIVE ORDER was served on the following parties via email via CM-ECF:

Heather A. Thomas
Law Offices of Skrabo & Akins
5670 Greenwood Plaza Blvd, Englewood, CO 80111
HeatherA.Thomas@LibertyMutual.Com

*Counsel for Defendant Hoverround Corporation*