IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-2693-MSK-NYW

ALARIC GREENE,

    Plaintiff,

v.

HOVEROUND CORPORATION,

    Defendant.

---

**OPINION AND ORDER ON MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss (**# 11**), the Plaintiff's response (**# 17**), and the Defendants' reply (**# 21**). For the reasons that follow, the Motion is denied.

## I. JURISDICTION

The Court has jurisdiction to hear this case under 28 U.S.C. § 1332.

## II. BACKGROUND[1]

Defendant Hoveround Corporation manufactures powered wheelchairs, called powerchairs. Alaric Greene, the Plaintiff in this matter, purchased the MPV5 Powerchair from Hoveround in 2010. On June 29, 2015, Mr. Greene's powerchair suddenly lost power causing him to lose control, fall out of the chair and then the chair fell on top of him. On August 20, an agent for Hoveround inspected Mr. Greene's powerchair and told Mr. Greene that the joust box and connections between the power supply and servos needed repair.

---

[1] The Court recounts and accepts as true the well-pled facts alleged in the Complaint (**# 4**). *See Dudnikov v. Chalk & Vermilion Fine Arts Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008).

The Complaint (# **4**) alleges the following causes of action: (1) strict product liability (defective design and manufacturing), (2) negligence, and (3) breach of implied warranty. Hoveround has moved to dismiss all three claims (# **11**).

### III. LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the complaint, any exhibits attached thereto, and any external documents that are incorporated by reference. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, a court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

When dismissal is sought on statute of limitations grounds, the movant has the burden of demonstrating that, on the face of the complaint, the claim is untimely; if the defendant carries that burden, the plaintiff then has the burden of coming forward with facts justifying tolling the statute of limitations. *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### IV. DISCUSSION

Hoveround argues that all of Mr. Greene's claims are barred by the applicable statute of limitations. All three claims are subject to a two-year statute of limitations. *See* C.R.S. § 13-80-106 (strict product liability and breach of implied warranty); C.R.S. § 13-80-102 (negligence).

Under Colorado law, a cause of action for personal injury accrues for purposes of calculation "on the date both the injury *and its cause* are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1) (emphasis added). A cause of action for breach of warranty accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S. § 13-80-108(6).

Mr. Greene filed his Complaint in state court on August 18, 2017. The action was subsequently removed to this Court on November 10, 2017. Hoveround contends that Mr. Greene filed his action more than two years after he was injured on June 29, 2015. Mr. Greene responds that although the event occurred on June 29, 2015, the clock for filing of his action did not begin to run until he learned of the cause of the powerchair's loss of power on August 20, 2015. He argues that although he knew that his injury was caused by the chair's loss of power when the incident occurred in June, he did not know why the chair lost power until August 20 when the Hoveround agent inspected it. Only then did he have sufficient information to assert a claim for product liability, breach of warranty, or negligence . *See Owens v. Brochner*, 474 P.2d 603, 606 (Colo. 1970).

Hoveround offers nothing that suggests that Mr. Greene was not diligent in seeking information as to the cause of the power loss in his chair. Thus, viewing the Complaint alone, the Court finds that it is sufficient to state a cognizable claim. Accordingly, the Motion is denied.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (**# 11**) is **DENIED**.

Dated this 3rd day of August, 2018.

        **BY THE COURT:**

        */s/ Marcia S. Krieger*

        Marcia S. Krieger
        Chief United States District Judge